694 So.2d 122 (1997)
STATE of Florida, Appellant,
v.
Edsel GRIFFEN, Appellee.
No. 96-248.
District Court of Appeal of Florida, Fifth District.
May 30, 1997.
*123 Robert A. Butterworth, Attorney General, Tallahassee, and Steven J. Guardiano, Senior Assistant Attorney General, Daytona Beach, for Appellant.
Gavin D. Lee, of Gavin D. Lee, P.A., Maitland, for Appellee.
PETERSON, Chief Judge.
The state appeals an order granting Edsel Griffen's motion in limine to exclude similar fact evidence of sexual batteries on minors allegedly committed by Griffen approximately 12 or 13 years prior to the instant offense. We reverse in part.
Griffen was charged with engaging in sexual activity with a child 12 years of age or older but less than 18 years of age while in a position of familial or custodial authority. Two sisters who heard about the current charges came forward with allegations that they had also been sexually abused by Griffen when they were teenagers.
Reviewing the facts of similarity presented to the trial court, the record reflects that the victim of the current charge is the niece of Griffen's current wife. When she was 12½ years old, he allegedly took her into the restroom of his karate studio for the purpose of teaching her how to engage in sex. He stated to her that he wanted her to make money by selling her body. Initially refusing to cooperate, she finally agreed when Griffen threatened to kick her out of the house where she resided with Griffen and his wife. After having oral sex with Griffen once, the niece told a teacher at school of her experience and Griffen was charged with the instant crime.
Based on the above, the state sought to introduce similar fact evidence of sexual batteries on the two sisters. The younger of the two sisters was 13 when her mother allowed her to live with her older sister, Griffen and his wife for a month. In the next year, the mother moved to Florida and the younger sister, on occasion, spent weekends with her older sister and Griffen, who at this point, had separated from his wife and had begun living with the older sister. During this time, Griffen advised the younger sister that she should have sex with him because of his experience. Sexual relations eventually took place between the younger sister and Griffen, with Griffen often giving specific instructions on how to proceed.
The older sister, at the age of fifteen, met Griffen when she attended his karate school. When she informed him that she could not afford the classes, he told her that it was alright since he was interested in her and wanted a relationship. Shortly thereafter, she moved into the home of Griffen and his wife, and two months later, was engaging in sex with Griffen. During sex, Griffen would act as a teacher. Ultimately, Griffen and the older sister entered into a marriage that lasted nine months. Prior to trial, the state filed a notice of intent to use as similar fact evidence Griffen's sexual experiences with the two sisters. Griffen responded with a motion in limine to exclude the evidence. The trial court granted the motion and the state appealed.
In this appeal, the state argues that the earlier sexual experiences with the sisters and the charged crime all took place in a familial setting and that therefore the Williams rule is relaxed to a substantial degree. In Saffor v. State, 660 So.2d 668 (Fla.1995), the supreme court set forth the evidentiary standard to be used with respect to evidence of prior sexual abuse of a child in a familial context:
We hold ... that when the collateral sex crime and the charged offense both occur in the familial context, this constitutes a significant similarity for purposes of the Williams rule, but that these facts, standing alone, are insufficient to authorize admission of the collateral sex crime evidence. There must be some additional showing of similarity in order for the collateral sex crime evidence to be admissible. The additional showing of similarity will vary depending on the facts of the case and must be determined on a case-by-case basis. Thus, we do not eliminate the requirement of similarity which undergirds the Williams rule. However, the strict *124 similarity in the nature of the offenses and the circumstances surrounding their commission which would be required in cases occurring outside the familial context is relaxed by virtue of the evidence proving that both crimes were committed in the familial context.
Id. at 672. See also Heuring v. State, 513 So.2d 122 (Fla.1987). The trial court excluded the evidence of abuse with respect to the older sister because the circumstances were not at all similar to that of the charged crime. As to the younger sister, the court found that the circumstances had some similarities with the charged crime but because the facts were not "strikingly similar," the evidence of the incidents involving the younger sister would also be excluded.

Similarity Requirement as to Older Sister
The trial court correctly excluded any evidence of sexual abuse experienced by the older sister because, regardless of any familial relationship, there was virtually little or no similarity between the sexual acts that occurred with the older sister and the charged crime. The sexual acts did not begin with the older sister until she was 15 and began with the premise of establishing a relationship.[1] In the circumstances of the charged crime, the sexual acts were perpetrated against a child who was only 12½ and were done with the threat of being excluded from the family's residence. Lacking basic similarities with the charged crime, the evidence of the alleged sexual batteries of the older sister were properly excluded.

Similarity Requirement as to Younger Sister
In contrast, the courses of conduct between Griffen and the younger sister and Griffen and the instant victim were quite similar. In both situations, the girls were barely teenagers, oral sex was involved, and Griffen promised to "teach" them sexually with the ultimate goal that they might be able to make money for themselves and Griffen. Although the forms of enticement and dominance used in each case varied somewhat, the overall pattern of conduct and underlying objective was virtually the same in both settings: seducing young girls and introducing them to a life of sex for economic gain. The courses of conduct, contrary to the trial court's finding, were indeed "strikingly similar." Griffen's overall scheme or pattern of abuse is not dissimilar to that pattern found to be relevant and admissible in State v. Rawls, 649 So.2d 1350 (Fla.1994). In Rawls, the defendant's plan for preying on young boys involved moving into their mothers' homes as a boarder and subsequently befriending the victims. Here, Griffen used his position of authority and dominance as an adult and a teacher in his unique plan of convincing young, barely teenaged girls residing in his household that they should have sex with him so that they could turn to prostitution for his and their supposed benefit.

Familial Relationship
Only some similarities are necessary to admit Williams rule evidence in sexual battery cases where a familial relationship is shown to exist between the accused and the victims in the two separate events. A familial relationship clearly existed between Griffen and the victim in the instant case, his wife's niece, who was living with him and his wife at the time of the alleged abuse. The issue of whether a "familial relationship" existed between the younger sister and the defendant is best answered by a review of Rawls:
There is no single definition or description of what constitutes a `familial relationship' in the context of child sexual battery.... Consanguinity and affinity are strong indicia of a familial relationship but are not necessary. Also, the defendant and victim need not reside in the same home. The relationship must be one in which there is a recognizable bond of trust with the defendant, similar to the bond that develops between a child and her grandfather, uncle, or guardian. Where an individual legitimately *125 exercises parental-type authority over a child or maintains custody of a child on a regular basis, a familial relationship may exist for purposes of the admissibility of collateral crime evidence under Heuring [v. State, 513 So.2d 122 (Fla. 1987)] (footnote omitted).
Rawls at 1353. In the earlier case of alleged abuse, the younger sister, with the approval of her mother, visited her older sister initially for one month and, then on occasion, on weekends. The mother, by her acts of permitting the younger sister to reside temporarily in Griffen's household implicitly granted to Griffen parental-type authority. Moreover, Griffen was maintaining "custody of a child on a regular basis" which also supports a finding that a familial relationship existed, at least for purposes of the admissibility of the collateral crime evidence. Rawls at 1353.
Because the alleged sexual batteries between Griffen and the younger sister and the one between Griffen and the victim in the instant case were all committed in the familial context, and for the further reason that "striking similarities" exist between the alleged incidences, evidence of the former is permissible in the trial of the latter. The trial court correctly granted the motion in limine to exclude the evidence of the sexual activities between Griffen and the older sister and we affirm that decision. However, we disagree with the trial court's decision to exclude the evidence of sexual activity between Griffen and the younger sister. We vacate the order granting the motion in limine as to that issue and remand for further proceedings.
ORDER VACATED; REMANDED.
HARRIS and ANTOON, JJ., concur.
NOTES
[1] By noting the age difference in this case between the sisters, we do not suggest that this alone is enough to exclude similar fact evidence, but rather only one factor that may be considered.